## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RICKY WADE AND USULNEE WADE,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| **ALLSTATE TEXAS LLOYD'S,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL

Defendant Allstate Texas Lloyd's files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

### I.   INTRODUCTION

1. This is an insurance coverage and bad faith case. On December 21, 2020, Plaintiffs filed their Original Petition in Cause No. 2020-81743 in the 61st Judicial District Court of Harris County, Texas, initiating a civil cause of action against Defendant. Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant Allstate. Former Defendant Charles Whitmore, included in Plaintiffs' Original Petition, has now been dismissed with prejudice. Exhibit G. Therefore, his citizenship is irrelevant and should be disregarded.

3. Plaintiffs allege multiple causes of action against Defendant related to its handling of a property insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract; non-compliance with Chapter 542 of the Texas Insurance Code; non-compliance with Chapter 541 of the Texas Insurance Code; breach of the duty of good faith and fair dealing; and violations of the

Deceptive Trade Practices Act. Plaintiffs further allege that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4.  Allstate received the Citation and Plaintiffs' Original Petition by process server on or about December 23, 2020. Allstate filed its Original Answer to Plaintiffs' Original Petition on January 11, 2021. Exhibit E. Also on January 11, 2021, Allstate filed its Written Notice of Election of Legal Responsibility for Agent. Exhibit F. At the time of this filing, Whitmore is dismissed with prejudice. Exhibit G. Whitmore never filed an answer or otherwise appeared in this case.

5.  Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Harris County state court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

6.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the viable parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.   Complete Diversity Exists Between the Viable Parties.

7.  According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were, and still are, domiciled in Harris County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiffs are Texas citizens.

8. Defendant Allstate Texas Lloyd's is a Lloyds plan, an entity engaged in the business of writing insurance on the Lloyds plan. The Lloyds plan is an unincorporated association, which is considered to have the citizenship of its members, the underwriters. Allstate Texas Lloyd's was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the States of Illinois and New Jersey. The United States Supreme Court has consistently held for over 100 years that the "citizenship of an unincorporated association [such as Allstate] is determined…solely by the citizenship of its members." See *Massey v. State Farm Lloyds Ins. Co*. 993 F. Supp. 568, 570 (S.D. Tex. 1998); see also *Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984). The underwriters for Allstate Texas Lloyd's, all reside outside the State of Texas and have continuously resided outside the State of Texas from January 1, 2009 to the present. Accordingly, diversity of citizenship exists among Plaintiff and Allstate.

9. Former Defendant Whitmore has already been dismissed with prejudice. <u>Exhibit G</u>. Therefore, his citizenship is irrelevant and should be disregarded.

### B. **The Amount in Controversy Exceeds $75,000.**

10. Additionally, the claims asserted by Plaintiffs exceed $75,000. Plaintiffs seek "monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." <u>Exhibit C at ¶ 86</u>. Thus, should Plaintiffs prevail on their claims herein, the damages potentially to be awarded exceed $75,000 on their face.

### III.   VENUE

11. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 61st Judicial District Court of Harris County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## IV.   PROCEDURAL REQUIREMENTS

12.    Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Index of Matters Being Filed |
| **B.** | Docket sheet in the state court action |
| **C.** | Plaintiffs' Original Petition filed on December 21, 2020 |
| **D.** | Return of Service of Citation on Allstate filed on December 30, 2020 |
| **E.** | Defendant Allstate Texas Lloyd's Original Answer to Plaintiffs' Original Petition filed on January 11, 2021 |
| **F.** | Defendant Allstate Texas Llody's Written Notice of Election of Legal Responsibility for Agent filed January 11, 2021 |
| **G.** | Order of Dismissal with Prejudice as to Defendant Charles Whitmore signed January 13, 2021 |
| **H.** | List of Counsel of Record |

13.    This Notice of Removal is being filed within 30 days of service of the citation and Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

14.    Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

15.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 61st Judicial District Court of Harris County, Texas promptly after filing of same.

## V. CONCLUSION

17. Allstate respectfully requests that the above-captioned action now pending in 61st Judicial District Court of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
Southern District No. 1804016
susan.egeland@faegredrinker.com
SARA E. INMAN
State Bar No. 24073098
Southern District No. 3008974
sara.inman@faegredrinker.com

FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on January 15, 2021.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND